**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PROGRESSIVE PALOVERDE INSURANCE COMPANY** | * * | **CIVIL ACTION: No. 19-cv-12840** |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE:** |
| **THE ESTATE OF BOBBY J. JENKINS, BJ TRUCKING EARTHMOVER LLC, KATY M. JENKINS, AND HECK INDUSTRIES, INC.** | * * * | |

*********************************************************************

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES**, through undersigned counsel, Plaintiff Progressive Paloverde Insurance Company ("Progressive" or "Plaintiff"), to file this Complaint for Declaratory Judgment seeking a declaration of the rights, duties, and liabilities of the parties pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. Specifically, Plaintiff asks the Court for a judgment declaring whether Plaintiff owes defense or indemnity to any Defendant for damages described herein. Plaintiff further asks the Court to order Defendants to reimburse Plaintiff for any costs incurred in defending Defendants against claims described herein.

## THE PARTIES

1. Plaintiff Progressive Paloverde Insurance Company: Progressive Paloverde Insurance Company is a corporation organized under the laws of the State of Indiana with its principal place of business in Indiana and is therefore a citizen of the State of Indiana pursuant to 28 U.S.C. § 1332(c)(1).

2. Defendant Estate of Bobby J. Jenkins: At the time of his death, Bobby J. Jenkins was a domiciliary of the age of majority of the State of Louisiana. Therefore, the Estate of Bobby J. Jenkins is a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c)(2).

3. Defendant BJ Trucking Earthmover LLC is a limited liability corporation organized under the laws of Louisiana. Prior to his death, Bobby J. Jenkins was the sole member of BJ Trucking Earthmover LLC. Therefore, the BJ Trucking Earthmover LLC is a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c)(2).

4. Defendant Katy M. Jenkins is a domiciliary of the age of majority of the State of Louisiana. Therefore Katy M. Jenkins is a citizen of the State of Louisiana.

5. Defendant Heck Industries, Inc. is a corporation organized under the laws of the State of Louisiana with its principal place of business in Louisiana and is therefore a citizen of the State of Louisiana pursuant to 28 U.S.C. § 1332(c)(1).

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the claims brought in this Complaint pursuant to 28 U.S.C. § 1332. Plaintiff is not a citizen of any state in which any Defendant is a citizen. The amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over the Estate of Bobby J. Jenkins because, at the time of his death, Bobby J. Jenkins was a resident citizen of the State of Louisiana.

8. This Court has personal jurisdiction over BJ Trucking Earthmover LLC because it is a Louisiana citizen with its principal place of business in Louisiana.

9. This Court has personal jurisdiction over Katy M. Jenkins because she is a resident citizen of the State of Louisiana.

10. This Court has personal jurisdiction over Heck Industries, Inc. because it is a Louisiana citizen with its principal place of business in Louisiana.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

12. Decedent Bobby J. Jenkins was involved in a fatal train-motor vehicle collision on October 10, 2018 in Tangipahoa Parish, Louisiana (the "Accident").

13. At the time of the Accident, Decedent Bobby J. Jenkins was operating a 1998 Peterbilt truck (the "Vehicle").

14. At the time of the Accident, Decedent Bobby J. Jenkins was leaving a private gravel pit.

15. At the time of the Accident, the Vehicle was laden with sand or other material.

16. At the time of the Accident, Decedent Bobby J. Jenkins was an independent contractor or employee of Defendant Heck Industries, Inc. when he used the Vehicle to haul sand or other material.

17. Alternatively, at the time of the Accident, Decedent Bobby J. Jenkins was acting at the direction of Defendant Heck Industries, Inc. when he used the Vehicle to haul sand or other material.

18. Alternatively, at the time of the Accident, Decedent Bobby J. Jenkins was conducting the business of Defendant Heck Industries, Inc. when he used the Vehicle to haul sand or other material.

19. Alternatively, at the time of the Accident, Decedent Bobby J. Jenkins was conducting the business of Defendant BJ Trucking Earthmover LLC when he used the Vehicle to haul sand or other material.

20. Alternatively, at the time of the Accident, Decedent Bobby J. Jenkins was conducting his own business when he used the Vehicle to haul sand or other material.

21. Plaintiff provided non-trucking liability coverage to Decedent Bobby J. Jenkins on October 11, 2018.

**COUNT I**

**DECLARATORY JUDGMENT**

22. Plaintiff repeats and realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all material times, Decedent Bobby J. Jenkins and Defendant Katy M. Jenkins were named insureds under Progressive Paloverde Insurance Company Louisiana Commercial Policy No. 03857749-2 (the "Policy").

24. "BJ Trucking," a d/b/a registered to Bobby J. Jenkins, was also listed as a named insured under the Policy.

25. Defendant BJ Trucking Earthmover LLC was not a named insured under the Policy.

26. Defendant Heck Industries, Inc. was not a named insured under the Policy.

27. The Vehicle was listed as a covered vehicle on the declarations page of the Policy.

28. The initial Policy period was July 19, 2016 – July 19, 2017.

29. The Policy had a combined single limit of $1,000,000.00 in liability coverage for personal injury and property damage.

30. The Policy included: the declarations page, policy booklet form 6912 (06/10), and various endorsement forms.

31. Form 1198 (01/04) is an "Additional Insured Endorsement." Form 1198 added the following provision to the terms of the Policy:

> **Name of Person or Organization**
> Heck Industry
> 5414 JChoctaw D [sic]
> Baton Rouge, LA 70805

> The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of liability.”

32. Defendant Heck Industries, Inc. is not named in Form 1198.

33. The Policy was renewed for the first time on June 21, 2017 and a second time on July 11, 2018.

34. When he renewed the Policy on July 11, 2018, Decedent Bobby Jenkins added Form 1797 (06/10) to the terms of the Policy.

35. Form 1797 (06/10) is entitled “CONTINGENT LIABILITY ENDORSEMENT - LIMITED LIABILITY COVERAGE FOR NON-TRUCKING USE OF AN AUTOMOBILE.”

36. Form 1797 amends the definition of “insured” under the Policy’s liability coverage as follows: “[I]nsured does not include anyone engaged in the business of transporting property by auto for hire that is liable for your conduct.”

37. Form 1797 adds the following exclusion to the Policy’s liability coverage:

> 15. **Trucking Use**
>
> Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:
>
> a. To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer**; or
>
> b . In any business or for any business purpose

38. As renewed on July 11, 2018, the Policy provided “Non-Trucking Liability” coverage with a combined single limit of $1,000,000.00.

39. The third Policy period was July 19, 2018—July 19, 2019.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaration that:

a. The Policy does not afford coverage under Part I- Liability to Others for damages arising out of the use of the Vehicle to carry property, or while such property is being loaded or unloaded, or in any business or for any business purpose;

b. Heck Industries, Inc. is not an Additional Insured under the Policy;

c. BJ Trucking Earthmover LLC is not a named insured or Additional Insured under the Policy;

c. The Policy does not afford coverage to any Additional Insured for vicarious liability for acts not covered under Part I- Liability to others; and

d. The Policy does not afford coverage under Part I- Liability to Others for any damages arising from the Accident.

**COUNT II**

**REIMBURSEMENT**

41. Plaintiff repeats and realleges Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Many individuals and entities may make claims or bring suit against Defendants for damages allegedly arising from the Accident.

43. In some instances, Plaintiff has incurred or may in the future incur costs defending Defendants against non-covered claims.

44. Plaintiff is entitled to reimbursement from Defendants for any and all costs of defense Plaintiff paid or may in the future pay but does not owe.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, Progressive Paloverde Insurance Company, prays for the following declaratory judgment:

1. That the substantive laws of Louisiana apply to the interpretation of the Policy;
2. That the Policy affords only non-trucking liability coverage as described herein;
3. That Heck Industries, Inc. is not a named, additional, or omnibus insured under the Policy;
4. That BJ Trucking Earthmover LLC is not a named, additional, or omnibus insured under the Policy;
5. That the Policy does not insure the vicarious liability of any Additional Insured for non-covered acts of an insured;
6. That the Policy does not insure the liability of any individual or entity, if any, arising out of Decedent Bobby J. Jenkins' use of the Vehicle to haul sand on October 10, 2018; and
7. That Plaintiff Progressive Paloverde Insurance Company has no duty to defend any individual or entity against claims arising from Decedent Bobby J. Jenkins' alleged use of the Vehicle to carry property, or while such property is being loaded or unloaded, or in any business or for any business purpose.

Plaintiff, Progressive Paloverde Insurance Company, prays this Court order all Defendants to reimburse Plaintiff for any costs of defense Plaintiff has or will pay but does not owe.

[*Signatures appear on following page.*]

Respectfully submitted,

___/s/ *Chelsea C. Crews*___
DAVID A. STRAUSS, #24665
CHELSEA C. CREWS, #38176
**STRAUSS MASSEY DINNEEN LLC**
935 Gravier Street, Suite 1450
New Orleans, Louisiana 70112
Office: 504-380-0290
Fax: 504-332-8434
dstrauss@smd-law.com
ccrews@smd-law.com

*Attorneys for Plaintiff Progressive Paloverde Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2019, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by U.S. Certified Mail with Waiver of Service of Summons to the following:

**Estate of Bobby Jenkins**
*Through its succession representative, Katy M. Jenkins*
98 Curtis Lane
Greensburg, LA 70441

**BJ Trucking Earthmover LLC**
*Through its registered agent*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**Katy M. Jenkins**
98 Curtis Lane
Greensburg, LA 70441

**Heck Industries, Inc.**
*Through its registered agent*
Wallace Heck, Jr.
5415 Choctaw Drive
Baton Rouge, LA 70805

___/s/ *Chelsea C. Crews*___
CHELSEA C. CREWS