UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PROGRESSIVE PALOVERDE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | No.: 19-12840 |
| | c/w 19-13010 |
| | c/w 19-13011 |
| | c/w 19-13082 |
| | c/w 20-392 |
| ESTATE OF BOBBY JENKINS, ET AL | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 41)** filed by Defendant, Tangipahoa Parish Council-President Government ("Tangipahoa"), an opposition thereto (Rec. Doc. 66) filed by Plaintiff, Katie Jenkins ("Plaintiff") and a reply (Rec. Doc. 70) by Tangipahoa.

## FACTS AND PROCEDURAL BACKGROUND

The present suit by Plaintiff, brought on her own behalf and on behalf of her deceased husband Bobby Jenkins, is one of five similar lawsuits consolidated before the Court. All five cases arise out of the same accident in which an Amtrak train collided with a dump truck.[1]

On October 10, 2018, in Tangipahoa Parish, Bobby Jenkins was operating a 1998 Peterbilt Model 379 semi-truck, owned by BJ Trucking Earthmover LLC ("BJ"),

---

[1] Plaintiff's original case number after removal was 20-392. The relevant facts and procedural background are taken from the state court petition and record found in 20-392. (Rec. Doc. 1-2).

which was pulling a 1983 Mate dump trailer also owned by BJ. Bobby Jenkins was in the process of hauling sand or similar material from a private pit operated by a heretofore undetermined party.

After filling the trailer, Bobby Jenkins proceeded westward across railroad crossing DOT #2395284 ("the Crossing") while en route to U.S. Highway 51. The Crossing is within the geographic bounds of Tangipahoa Parish. At the Crossing, the truck driven by Bobby Jenkins collided with southbound Amtrak Train #59. Bobby Jenkins perished from injuries sustained in the crash.

On October 10, 2019, Plaintiff, Bobby Jenkins' widow, brought suit in the 21st District Court for Tangipahoa Parish, alleging that Tangipahoa was negligent in its maintenance, upkeep, and utilization of warning devices at the Crossing.[2] On February 4, 2020 the case was removed to this Court and subsequently transferred to the undersigned on February 5, 2020 to be consolidated with the other four related cases.

On February 20, 2020, Tangipahoa filed the present motion for summary judgment, alleging that, as the Crossing is on private property, Tangipahoa has no duty as regards its upkeep and maintenance. The sole evidence offered by either party is an affidavit by Andrew Currier, Tangipahoa's Public Works Director, stating that the Crossing is private, and Tangipahoa is not responsible for it in any way. (Case No. 20:352, Rec. Doc. 1-4 at 123

---

[2] Plaintiff named several other parties as defendants in the suit as well, alleging that all named defendants are jointly liable for the negligent behavior regarding the Crossing. Tangipahoa is the only party to have filed a dispositive motion at this time.

2

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal citations omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

### I. **Mr. Currier's Affidavit is Admissible as Summary Judgment Evidence**

As a preliminary matter, the Court addresses Plaintiff's contention that the Court cannot properly consider the affidavit of Andrew Currier as summary judgment evidence. Plaintiff raises two arguments in support of her contention. First, Plaintiff maintains that because the affidavit was initially offered in state court to incorrectly support Tangipahoa's Exception of No Cause Action, it cannot be used to support Tangipahoa's motion for summary judgment in this Court. (Case No. 20:352, Rec. Doc. 1-4 at 123).[3]

The admissibility of evidence in a motion for summary judgment is governed by FRCP 56. Rule 56 requires only that summary judgment evidence be capable of

---

[3] Under Louisiana procedural law, an Exception of No Cause of Action is essentially equivalent to a federal Rule 12(b)(6) motion. Thus, an affidavit cannot be considered at that stage of proceedings, as a determination of no cause of action is limited to the pleadings. Plaintiff further alleges that Tangipahoa promised to dismiss the Exception, but the case was removed before Tangipahoa did so.

being "presented in a form that would be admissible in evidence" at trial, not that it actually be presented in an admissible form. Fed. R. Civ. P. 56(c)(2); *see LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). Regarding affidavits in particular, they must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). All materials cited to by parties to support a summary judgment motion must be in the record. Fed. R. Civ. P. 56(c)(1)(A).

The Court finds Mr. Currier's affidavit to be valid summary judgment evidence, as it meets all the requirements set forth in Rule 56. Plaintiff's argument regarding the efficacy and status of the affidavit in state court proceedings is inapposite to the validity of the affidavit to the present motion. It is quite clearly in the record available to this Court and in a form capable of being presented at trial. (Case No. 20-352, Rec. Doc. 4-1 at 123).

Plaintiff's next argument, that Mr. Currier's affidavit is not based on personal knowledge because it fails to state how long he has worked in his current position, is similarly unpersuasive. A declarant's statement of their official position alone will satisfy the personal knowledge requirement if the facts asserted are reasonably within the ambit of that position. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th. Cir. 2005) ("We decline to find Whalen's affidavit deficient for lack of personal knowledge, as it is reasonably inferred [from his position]."). Furthermore, Mr. Currier explicitly states in the affidavit that he is personally acquainted with "those

roadways that are public servitudes and rights of ways within the care, custody, and control of the Tangipahoa Parish Council-President Government." (Case No. 20-352, Rec. Doc. 4-1 at 123). As a declarant's statement of his official position is sufficient to satisfy the personal knowledge requirement even absent an explicit claim of such personal knowledge, Mr. Currier's affidavit, a fortiori, certainly satisfies the requirement. *Budden*, 420 F.3d 521 at 529-30 ("Nonetheless, while an affidavit certainly *can* explicitly state that it is based on 'personal knowledge,' there is no requirement for a set of magic words.").

## II. WHETHER TANGIPAHOA HAD A DUTY TO TAKE PROPER PRECAUTIONS AS REGARDS THE CROSSING

Having established that Mr. Currier's affidavit is viable summary judgment evidence, and as Plaintiff has failed to offer any evidence creating a genuine dispute of material fact regarding the private nature of the Crossing, the next inquiry is whether the Crossing's status as a "private railroad crossing for a private right of way" absolves Tangipahoa of any duty as to the maintenance, upkeep, and utilization of proper safety measures at the Crossing. (Case No. 20-352, Rec. Doc. 4-1 at 123).

There is no dispute that Tangipahoa is a public entity.[4] In order to prove a claim against a public entity in Louisiana a party must show (1) the entity's care or custody of the defective thing, (2) that the defect created an unreasonable risk of harm, (3) the entity's actual or constructive notice of the defect, (4) failure to take

---

[4] " 'Public entity' means and includes the state ... and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions." La.Rev.Stat. Ann. § 9:2800(G)(1).

6

corrective action within a reasonable time, and (5) causation. *Williams v. City of Mansfield,* 962 So.2d 1187, 1189 (La.Ct.App.2007); *see* La.Rev.Stat. Ann. § 9:2800. The element at issue in the present motion is the gatekeeping element, i.e. whether the public entity has actual care or custody of the defective thing.

"It is well settled under Louisiana law that '[t]he duty to repair and maintain a road in a safe manner falls upon the political body that has jurisdiction over the road.'" *Hazelton v. Union Pacific Railroad Co.,* 497 F. Supp. 2d 800, 804 (W.D. La. July 11, 2007) (citing *Clay v. Papillion,* 653 So.2d 774, 775 (La.App. 3rd Cir.1995)). Although Plaintiff does not dispute that when it comes to private railroad crossings, it is clear that "the state (the DOTD) does not have a duty to provide protection devices at or in any way maintain railroad crossings on non-state or off-system crossings," Plaintiff argues that such a rule should not extend to parishes. *Id.*

Plaintiff provides no rationale, rooted in either law or policy, as to why a parish should be treated differently than the state or a city when it comes to liability for roads or crossings within its geographical bounds over which it has no jurisdiction. *See id.* (holding that Louisiana has no liability for failure to maintain a private railroad crossing); *Horn v. Louisiana,* No. 07-3530, 2008 WL 2338070 at *3 (E.D. La. June 4, 2008) (holding that the City of New Orleans has no responsibility for the maintenance, cleaning, or care of Interstate Highway 10 or 610 East). Indeed, courts have explicitly allowed parishes to avail themselves of the no jurisdiction defense. *See Henderson v. Union Pacific R.R.,* 41,596 (La. App. 2 Cir. 11/15/06), 942 So.2d 1259

(holding that Caddo Parish cannot be held liable by law for an accident at a railroad crossing located within the City of Shreveport).

Plaintiff urges the Court to hold that despite the private nature of the Crossing, Tangipahoa still exercises care and control over the Crossing because various Tangipahoa Parish public services have jurisdiction over "the area encompassing the railroad crossing." (Rec. Doc. 66 at 10).[5] However, the mere fact that Tangipahoa public services extend throughout the entire geographic footprint of the parish does not give rise to Tangipahoa liability for every defective thing within parish lines. *Clay v. Papillion*, 653 So.2d 774 (holding that St. Martin Parish is not responsible for failing to maintain a highway located within St. Martin Parish, because control of highway did not lie with St. Martin Parish). Plaintiff's position is akin to arguing Tangipahoa has care or custody over a private residence because if the residence was ablaze the Tangipahoa Fire Department would come extinguish it. That cannot be the test for care or custody.

A review of the relevant case law informs the Court of two things. First, parishes must have care or custody over a railroad crossing or roadway in order for liability to attach. Second, a governmental entity does not have care or custody over a road or crossing solely because it lies within the entity's geographical bounds. Rather, the private nature of a road or crossing relieves the governmental entity of care or custody.[6]

---

[5] Specifically, Plaintiff alleges the Tangipahoa Parish Fire Department, Sheriff's Department, Garbage Collection Services, and Drainage Services all have jurisdiction over the Crossing "area."
[6] The Court is not holding that it is impossible for a unique set of facts to arise that could conceivably give rise to a colorable argument for governmental care or custody over a private crossing or road. But no such facts present themselves here.

Plaintiff does not dispute the applicability of the aforementioned cases to the present situation. Nor does Plaintiff provide a citation to an alternative or contradicting interpretation of the law. Instead, Plaintiff urges the Court to disregard the case law supporting Tangipahoa's position because it is merely persuasive authority. Although it is true that when determining an issue of Louisiana law, the Court should first look to the decisions of the Louisiana Supreme Court, "[i]n the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co*, 204 F.3d 624, 627 (5th. Cir. 2000). Taking the opinions of Louisiana appellate courts together with the decisions of fellow federal district courts in Louisiana, the Court concludes that Tangipahoa cannot be held liable for lack of upkeep, maintenance, or sufficient signage at the Crossing.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Tangipahoa's *Motion for Summary Judgment* **(Rec. Doc. 41)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of April, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE