UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PROGRESSIVE PALOVERDE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | No.: 19-12840 |
| | c/w 19-13010 |
| | c/w 19-13011 |
| | c/w 19-13082 |
| | c/w 20-392 |
| ESTATE OF BOBBY JENKINS, ET AL | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Separate Trials* **(Rec. Doc. 105)**, pursuant to Federal Rule of Civil Procedure 42(b) filed by National Railroad Passenger Corporation ("Amtrak") and Illinois Central Railroad Company ("Illinois Central" and together with Amtrak, the "Movants"). Movants seek to deconsolidate this action in order to have each of Plaintiffs' cases tried before separate juries. Derek Lagarde ("Lagarde") and Heck Industries, Inc. ("Heck") filed oppositions to the motion (Rec. Docs. 109 and 111). Progressive Paloverde Insurance Company ("Progressive") filed a response clarifying that the law requires the declaratory action to be exclusively decided by the Court. (Rec. Doc. 110).[1] Movants filed a reply in further support of their motion for separate trials. (Rec. Doc. 116). Having considered the parties'

---

[1] Movants initially alleged that Progressive's declaratory action would be tried by the jury along with the four personal injury claims. (Rec. Doc. 105-1, at p. 7). After Progressive filed a response to Movants' motion for separate trials and clarified that declaratory judgments can only be decided in a bench trial, Movants filed a reply acknowledging that the declaratory action would not be decided by the jury. (Rec. Doc. 116, at p. 2).

memoranda, the record, and the applicable law, the motion for separate trials should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

These consolidated cases are the result of a collision between a train operated by Amtrak and a truck operated by BJ Trucking Earthmover, LLC ("BJ Trucking") and Bobby Jenkins.

On September 26, 2019, Progressive filed suit through a complaint for declaratory relief, which admits that Progressive issued a liability policy to named insureds BJ Trucking and Jenkins, and that its policy named Heck as an additional insured. However, Progressive claims that its motor vehicle liability policy did not cover Jenkins' truck when it was carrying cargo.

In October of 2019, the four individual Plaintiffs filed tort claims. Those cases encompass tort-based claims against Amtrak; Illinois Central; BJ Trucking; the Estate of Bobby Jenkins; Progressive, Kent Enterprises, LLC ("Kent"); Heck; CN Worldwide Inc.; and Industrial Aggregates of the Florida Parishes, LLC ("Florida Parishes"). The tort-based claims against Amtrak are based on Louisiana's negligence law and federal negligence law under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 *et seq*. The tort-based claims against Progressive are based on Louisiana's direct action statute. La. Rev. Stat. § 22:1269. The claims against the remaining defendants all derive from Louisiana's negligence law.

Progressive's declaratory action and Plaintiff's negligence claims derive from the same collision and all involve common facts. Thus, the Court consolidated all of

Plaintiffs' claims with Progressive's declaratory action. In response to the consolidation of these cases, Amtrak and Illinois Central ("Movants") filed the instant motion for separate trials.

## LEGAL STANDARD

Rule 42(b) of the federal Rules of Civil Procedure states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42(b). This Court has summarized the justifications for separate trials under Rule 42(b) by explaining that a "court may separate issues if (1) it would avoid prejudice, (2) it would be convenient to do so, or (3) it would be economical or would expedite the litigation to do so." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992) (Feldman, J.). Despite the broad discretion granted to district courts in determining whether to order separate trials, the Seventh Amendment limits this discretion by granting litigants the general right to have only one jury decide a common issue of fact. *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978). Accordingly, this discretion should be used sparingly.

A court should not order separate trials unless the issue to be tried separately is "so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (citing *Swofford v. B&W Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). Moreover, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when 'bifurcation would result in unnecessary delay, additional

expense or some other form of prejudice.'" *Laitram*, 791 F.Supp. at 115 (citing *Willemijn Houderstermaatschappij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1984)). In light of these limitations, the "separation of issues is not the usual course that should be followed." *Blue Bird Body Co., Inc.*, 573 F.2d 309 at 318 (citing *Swofford*, 336 F.2d at 415); *see also Porter v. Milliken & Michaels, Inc.*, No. 9-0199, 2000 WL 1059849, at *2 (E.D. La. Aug. 1, 2000) (Vance, J.) ("Separate trials, however, are the exception, not the rule.").

## DISCUSSION

In their memoranda, Movants make two distinct arguments to separate the trials of these cases. First, Movants contend that requiring the jurors to apply two similar but distinct legal standards could lead to jury confusion. Second, Movants argue that the trials should be separated because parties in each of the cases lack commonality, and, due to said lack of commonality, Movants will be prejudiced by the jurors receiving otherwise inadmissible testimony.

Movants complain that FELA and Louisiana's negligence law require different causation standards, which could lead to jury confusion and potential prejudice. Movants highlight that this Court has held that the causal standard under FELA is "very low" when compared to the traditional negligence proximate cause standard. *McCormick v. New Orleans Pub. Belt R.R. Comm'n*, No. CV 16-1897, 2017 WL 2267204, at *2 (E.D. La. May 24, 2017). This Court made this statement based on two observations regarding FELA causation requirements. First, a plaintiff may recover under FELA if the railroad, "played a part—no matter how small—in bringing about

the injury." *Id.* (quoting *Huffman v. Union Pac. R.R.*, 675 F.3d 412, 417 (5th Cir. 2012).

Second, under FELA, an employee's own contributory negligence does not bar his

recovery, although it may diminish recovery in proportion to his fault. *Id.*

Louisiana uses a comparative fault system of negligence, which allows a

plaintiff to recover if the defendant's negligence played some small part in the

plaintiff's injury and does not bar a plaintiff from recovery for his own contributory

negligence so long as the plaintiff is not found 100% at fault for the incident. La. Civ.

Code Ann. Art. 2323; *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So. 2d 967, 971-

72 (La. 1985). Movants contend that the different causation standards would cause

jury confusion, but Louisiana's comparative fault system and this portion of the

"lower" standard for FELA are identical in effect because both allow a plaintiff that

is contributorily negligent to recover against a defendant that is at least partially at

fault. Thus, this portion of Movants' causation argument is without merit.

Movants cite one point of difference between the causation standard applied in

FELA and Louisiana's negligence law. Under FELA, the jury is "entitled to infer

causation from unexplained events," meaning that a jury in a FELA case has broader

discretion to make inferences than in other negligence actions. *Rivera v. Union Pac.*

*R. Co.*, 378 F.3d 502, 510 (5th Cir. 2004); *Barrios v. New Orleans & Gulf Coast Ry.*

*Co.*, No. CV 18-13943, 2019 WL 6464962, at *4 (E.D. La. Dec. 2, 2019). However,

Movants failed to cite a single case supporting the notion that requiring jurors to

apply separate causation standards is a sufficient justification for separate trials. On

the other hand, Heck cites *McWhorter v. Ryder Tank Line, Inc.*, where the Fifth

Circuit Court of Appeals held that differing tort liability standards do not warrant separate jury trials. 387 F.2d 635, 636 (5th Cir. 1968).

In addition, Heck and Lagarde cite *In re Safety-Kleen Corp. Bondholders Litigation*, in which the United States District Court for the District of South Carolina was presented with an argument nearly identical to the argument that Movants make in the instant case. 2004 U.S. Dist. LEXIS 31748 (D. S.C. Oct. 29, 2004). Specifically, the plaintiffs in that case moved to bifurcate the trial because the jury would be required to apply two different federal laws with different standards of causation. *Id.* The court denied the motion, noting that any potential confusion arising from the separate causation standards could be eliminated with jury instructions and special verdict forms. *Id.* at *5.

Given the total lack of case law cited by Movants in support of their argument, the binding Fifth Circuit holding in *McWhorter*, and the non-binding but legally similar scenario presented in *In re Safety-Kleen Corp. Bondholders Litigation*, the Court is convinced that any prejudice caused by requiring the jury to apply two separate causation standards can be resolved through jury instructions and special verdict forms.

Movants also argue that proceeding with a consolidated trial will lead to the jurors receiving testimony that would be inadmissible in separate trials because different plaintiffs and different defendants are parties to each case. However, Movants have again failed to provide a single case supporting their argument that these consolidated cases should be tried separately based on this lack of commonality

6

between the parties. Indeed, the opposition filed by Heck persuasively argues that Rule 42 does not require or even mention commonality between the parties as a factor. (Rec. Doc. 106, at p. 9). Furthermore, even if commonality were a factor, Amtrak, Progressive, Heck, and Kent are all common defendants between Plaintiffs' personal injury claims. BJ Trucking and the Estate of Bobby Jenkins are also listed as defendants in three of the four personal injury cases with the exception being the case brought by Ms. Katie Jenkins, who is Mr. Bobby Jenkins's succession representative.

Contrary to Movants' argument, Rule 42 merely requires common issues of law or fact. These five cases were consolidated because all of these claims arise from the collision between Amtrak's train and the truck operated by BJ Trucking and Bobby Jenkins. This alone raises common issues of fact that satisfy the requirements of Rule of 42. Additionally, these cases clearly raise common issues of law because all of the personal injury claimants assert negligence as their primary causes of action, albeit two of the four claimants are bringing their claim under FELA rather than Louisiana negligence law. To overcome the litigants' Seventh Amendment right to have only one jury decide these common issues of fact, Movants are required to show unnecessary delay, additional expense, or some other form of prejudice. Movants have failed to allege any sort of delay that would be caused by proceeding with a consolidated trial. In addition, Movants' reply did not even attempt to dispute Lagarde and Heck's argument that separate trials would greatly increase the expense of litigation due to

requiring multiple fact and expert witnesses to testify in multiple separate trials instead of a single trial. (Rec. Docs. 109, at p. 4 and 111, at pp. 8-9).

The only potential prejudice to Movants arises from the jurors receiving testimony that may have been inadmissible in non-consolidated trials. Whatever prejudice such testimony could cause may be avoided through the proper use of jury instructions and special verdict forms. *See Idom v. Natchez-Adams Sch. Dist.*, 178 F. Supp. 3d 426 (S.D. Miss. 2016). Any prejudice remaining after taking such precautions would be minimal compared to the prejudicial effect of the increased expenses caused by separating this consolidated trial into five separate trials.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movants' *Motion for Separate Trials* **(Rec. Doc. 105)** is **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE