UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PROGRESSIVE PALOVERDE  			CIVIL ACTION
INSURANCE COMPANY

VERSUS							No.: 19-12840
							c/w 19-13010
							c/w 19-13011
							c/w 19-13082
							c/w 20-392

ESTATE OF BOBBY					SECTION: "J" (1)
JENKINS, ET AL

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 136)** filed by Defendant, Industrial Aggregates of the Florida Parishes, LLC ("Industrial Aggregates"), an opposition thereto (Rec. Doc. 206) filed by Plaintiff, Katie Jenkins, individually, and as representative of the estate of Bobby Jenkins ("Plaintiff"), and a reply (Rec. Doc. 215) by Industrial Aggregates.

## FACTS AND PROCEDURAL BACKGROUND

The present suit by Plaintiff, brought on her own behalf and on behalf of her deceased husband Bobby Jenkins, is one of five similar lawsuits consolidated before the Court. All five cases arise out of the same accident in which an Amtrak train collided with a dump truck.[1]

---

[1] Plaintiff's original case number after removal was 20-392. The relevant facts and procedural background are taken from the state court petition and record found in 20-392. (Rec. Doc. 1-2).

On October 10, 2018, in Tangipahoa Parish, Bobby Jenkins was operating a 1998 Peterbilt Model 379 semi-truck, owned by BJ Trucking Earthmover LLC ("BJ"), which was pulling a 1983 Mate dump trailer also owned by BJ. Bobby Jenkins was in the process of hauling sand or similar material from a private pit ("the Fluker pit"), which was located on property leased by Industrial Aggregates.

After filling the trailer, Bobby Jenkins proceeded westward on a road neither owned nor leased by Industrial Aggregates and attempted to cross the railroad crossing DOT #2395284 ("the Crossing") while en route to U.S. Highway 51. At the Crossing, the truck driven by Bobby Jenkins collided with southbound Amtrak Train #59. Bobby Jenkins perished from injuries sustained in the crash.

On October 10, 2019, Plaintiff, Bobby Jenkins' widow, brought suit in the 21st District Court for Tangipahoa Parish. On February 4, 2020 the case was removed to this Court and subsequently transferred to the undersigned on February 5, 2020 to be consolidated with the other four related cases.

Plaintiff named Industrial Aggregates as Defendants due to their alleged negligent maintenance and upkeep of the railroad crossing and failure to properly equip the crossing with adequate warning devices. Plaintiff also alleged that Bobby Jenkins was employed by Industrial Aggregates and that he was injured during the normal course and scope of his employment.

On November 5, 2020, Industrial Aggregates filed the present motion for summary judgment, arguing that Industrial Aggregates has no duty with regards to the safety of the Crossing and did not employ Bobby Jenkins.[2]

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (internal

---

[2] Both parties now agree that Bobby Jenkins was not an employee of Industrial Aggregates. (Rec. Docs. 136-6, at ¶22; 206-1, at ¶22).

3

citations omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### I. DID INDUSTRIAL AGGREGATES OWE A DUTY OF CARE TO MAINTAIN THE CROSSING?

In its motion for summary judgment, Industrial Aggregates argues that it had no duty to maintain the Crossing because Industrial Aggregates did not own or lease the property where the Crossing is located. (Rec. Doc. 136-1, at p. 17). Plaintiff agrees that Industrial Aggregate did not own or lease the property near the Crossing. (Rec. Docs. 136-6, at ¶25; 206-1, at ¶25). However, Plaintiff argues that Industrial Aggregates had a duty to maintain the Crossing in a safe condition because the lease agreement between Industrial Aggregates and its lessor, Fluker Farms, Inc. ("Fluker"), stipulated that Industrial Aggregates had a right to ingress and egress to

and from the leased premises. (Rec. Doc. 206, at p. 12). In addition, the lease agreement also provided that Industrial Aggregates would indemnify Fluker for any personal injury or property damage caused by the actions, inactions, or omissions of Industrial Aggregates or its agents, contractors, or employees in connection with Industrial Aggregates' operations on or about the leased premises. (Rec. Doc. 206, at p. 11). Thus, Plaintiff asserts that this right of ingress and egress creates a usufruct in favor of Industrial Aggregates over a right of passage from the Fluker pit to U.S. Highway 51, which includes the Crossing. (Rec. Doc. 206, at p. 12). Most importantly, Plaintiff argues that Industrial Aggregates' usufruct over the right of passage includes a duty to maintain the Crossing in a safe condition. (Rec. Doc. 206, at p. 12).

Notably, Plaintiff has failed to cite a single case where a party that was not a railroad company was held liable for failure to maintain a safe private crossing. Nevertheless, the facts of this case do not require the Court to address whether there may be a situation where a private landowner may also have a duty to maintain the safety of a private railroad crossing.

As stated above, Plaintiff concedes that Industrial Aggregates neither owns nor leases the property near the Crossing. Although Plaintiff asserts that the lease agreement between Fluker and Industrial Aggregates grants a usufruct over a right of passage servitude, the lease agreement makes no mention of such a usufruct or servitude. (Rec. Doc. 206-2). Further, Plaintiff has provided no evidence of the existence of any right of passage, nor has Plaintiff even alleged the identity of the

5

owner of the land near the crossing. Thus, the Court finds that Plaintiff has failed to establish that Industrial Aggregates owed a duty to maintain the crossing.

## II. ASSUMING THE EXISTENCE OF A DUTY TO MAINTAIN THE SAFETY OF THE CROSSING, DID INDUSTRIAL AGGREGATES BREACH THAT DUTY?

Assuming, *arguendo*, that Industrial Aggregates owed a duty to maintain the Crossing, there are no material facts supporting Plaintiff's contention that Industrial Aggregates breached this duty. Under Louisiana law, railroad companies have a duty to maintain safe crossings, including private crossings, "such that [they] can be safely traversed by motorists using reasonable care." *Dehart v. Burlington N. & Santa Fe R. Co.*, 03-279 (La. App. 5 Cir. 10/28/03), 860 So. 2d 248, 257, *writ denied*, 2003-3251 (La. 2/6/04), 865 So. 2d 732. In addition, under the dangerous trap doctrine, a railroad will be held liable unless it took extra precautions when "a crossing is unusually dangerous because the view of the motorist is so obstructed as to require that he place himself in a position of peril dangerously near the tracks, before he has view of the oncoming train." *Burk v. Illinois Cent. Gulf R.R. Co.*, 529 So. 2d 515, 518 (La. App. 1st Cir. 1988). The dangerous trap doctrine does not apply when: "(1) the motorist had a clear view of the tracks at a point in which would not have placed the motorist in a perilous position; and (2) the motorist was familiar with the prevailing conditions at the crossing." *Holland v. Norton*, 70 F. Supp. 2d 666, 670 (E.D. La. 1999) (citing *id.*).

Plaintiff contends that the stop signs and crossbucks might not have been visible to a driver of a semi-truck. (Rec. Doc. 206, at p. 2). However, Industrial Aggregates cite the uncontradicted deposition testimony of Lt. Michael Moore, the

responding officer, and Michael Dooley Simmons, an employee of Industrial Aggregates, wherein they testified that there were no obstructions to a driver's view of an approaching train, the stop sign, or the crossbucks as they approach the railroad tracks. (Rec. Docs. 136-2, at pp. 69-70, 136-4, at pp. 72-73). Further, the photographs taken by the Tangipahoa Parish Sheriff's Office the day after the accident did not show any obstructions to a driver's view of an approaching train, the tracks, the stop sign, or the crossbucks at the Crossing. (Rec. Docs. 136-1, Exhibit 4, 136-4, Exhibits 1-2).

Plaintiff also argues that the stop signs were weather-beaten and the crossbucks were improperly reflective. (Rec. Doc. 206, at p. 2). A review of the photographs shows that, although the signs were weathered, they were still both identifiable and legible. (Rec. Docs. 136-1, Exhibit 4). Further, no reasonable finder of fact could conclude an experienced commercial motor vehicle driver, such as Bobby Jenkins, would not have been able to identify the stop signs and crossbucks. (Rec. Docs. 136-6, at ¶10; 206-1, at ¶10). This is especially true since Bobby Jenkins had been driving in and out of the Fluker pit for years and had hauled multiple loads from the Fluker pit on the day of the accident. (Rec. Docs. 136-6, at ¶¶16-17; 206-1, at ¶¶16-17).

Accordingly, the Court finds that Plaintiff has failed to establish any genuine disputes of the following material facts: (1) the railroad tracks were safely traversable by motorists using reasonable care; (2) Plaintiff's view of the tracks at the time of the accident was not obstructed; and (3) Plaintiff was very familiar with the conditions of

the Crossing. For these reasons, the Court concludes that, even if Plaintiff had been able to establish that Industrial Aggregates owed some duty to maintain the safety of the Crossing, no reasonable person could conclude that Industrial Aggregates breached such a duty in this case.

### III.   SHOULD THE COURT DEFER JUDGMENT UNDER RULE 56(D)?

Plaintiff avers that the Court should not grant summary judgment due to delays in discovery caused by the COVID-19 pandemic. Summary judgment may be denied under Rule 56(d) when the opposing party submits "a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

Although Plaintiff suggests that there are numerous depositions pending, Plaintiff does not identify who the deponents are or what material evidence Plaintiff seeks through these depositions. Thus, Plaintiff has failed to submit a plausible basis for believing that further discovery will lead to specified facts that will affect the outcome of this motion for summary judgment. Therefore, the Court will not defer consideration of this motion for summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 136)** filed by Industrial Aggregates is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of Katie Jenkins, individually, and as representative of the estate of Bobby Jenkins, against Industrial Aggregates of Florida Parishes LLC are hereby **DISMISSED with prejudice**.

New Orleans, Louisiana, this 22nd day of December, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE